```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :
                                          :   CASE NO. 1:12-CR-321
         Plaintiff,                       :
                                          :
v.                                        :   OPINION & ORDER
                                          :   [Resolving Doc. 27]
HERMAN CARPENTER,                         :
                                          :
         Defendant.                       :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 16, 2016, Herman Carpenter requested the appointment of counsel for assistance with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Carpenter's potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

**I.   Discussion**

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2]

Carpenter would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause.

In calculating Herman Carpenter's base offense level, the pre-sentence report listed two "felony convictions of either a crime of violence or a controlled substance offense, to wit:

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process.).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 12-CR-321
Gwin, J.

Trafficking in Drugs in Cuyahoga County Common Pleas Court in Case #CR-04-451155 and Aggravated Assault in Cuyahoga County Common Pleas Court in Case #CR-07-503002."[3]

The controlled substance offense, Trafficking in Drugs, is not affected by the *Johnson* decision because it was not classified as a crime of violence. As to the aggravated assault felony, the Sixth Circuit has found that aggravated assault is a crime of violence outside of the residual clause. In *United States v. Anderson*, the Sixth Circuit held, "we find that aggravated assault in Ohio is a 'violent felony' under §924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[4] Because the Sixth Circuit has found that aggravated assault is a crime of violence outside of the residual clause, aggravated assault would remain as a predicate violent felony in Carpenter's sentencing, and Carpenter's offense level would thus not change post- *Johnson*.

Carpenter has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil 2255 proceeding is an exceptional circumstance warranting appointment of counsel.

## II.   Conclusion

For the reasons above, this Court **DENIES** the Plaintiff's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated:  March 17, 2016                              *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[3] Presentence Investigation Report at ¶16.
[4] *United States v. Anderson, 695 F.3d 390, 400 (6th Cir. 2012)*.