UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
HERMAN CARPENTER, : Case No. 1:12-CR-00321
: Case No. 1:16-CV-01421
    Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. 29, 1:12-CR-00321]
UNITED STATES OF AMERICA, : [Resolving Doc. 1, 1:16-CV-01421]
:
    Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Herman Carpenter petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he was improperly sentenced under the United States Sentencing Guidelines ("USSG" or "Guidelines") because his prior aggravated assault conviction is no longer a prior offense that triggers an enhanced sentence.[1] For the following reasons, the Court **DENIES** Defendant Carpenter's petition.

## I.    Background

On September 5, 2011, Defendant Carpenter pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2] In his plea agreement, Carpenter agreed to a base offense level of 24 under § 2K2.1(a)(2) of the Guidelines.[3] Under § 2K2.1(a)(2), a defendant receives an enhanced base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."[4]

---

[1] Doc. 29. The Government opposes. Doc. 32. All citations are to the docket for 1:12-CR-00321.
[2] Doc. 20.
[3] *Id*. at 5.
[4] United States Sentencing Guideline § 2K2.1(a)(2).

Case No. 1:12-CR-00321
Gwin, J.

Carpenter's Presentence Report ("PSR") identified two prior felony convictions.

1. Trafficking in Drugs, Ohio Revised Code § 2925.03, Cuyahoga County Common Pleas Court Case No. CR-04-451155.

2. Aggravated Assault, Ohio Revised Code § 2903.12, Cuyahoga County Common Pleas Court Case No. CR-07-503002.

Based on these crimes, the Court sentenced Carpenter to 77 months' incarceration followed by three years of supervised release.[5]

The Supreme Court's recent *Johnson v. United States*[6] (*Johnson II*) opinion raises questions of whether certain prior crimes can be counted as a "crime of violence" under the Guidelines. Defendant Carpenter brings this motion arguing that his aggravated assault conviction no longer qualifies.[7] As a result, Defendant Carpenter argues his base offense level was improperly calculated at the time of sentencing.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;
2) That the court was without jurisdiction to impose such sentence;
3) That the sentence exceeded the maximum authorized by law; or
4) That the sentence is otherwise subject to collateral attack.[8]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on

---

[5] Doc. 26.
[6] 135 S. Ct. 2551, (2015).
[7] Doc. 29 at 4-6.
[8] 28 U.S.C. § 2255(a).

2

Case No. 1:12-CR-00321
Gwin, J.

the proceedings."[9]

Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court."[10]

### III.   Discussion

Defendant Carpenter's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act. Until recently, the Armed Career Criminals Act defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*."[11]

The first prong is known as the use-of-force clause. The first part of the second prong is known as the enumerated clause. And the second part of the second prong, emphasized above, is called the residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson II*, holding that the residual clause was unconstitutionally vague.[12] If a sentencing court imposed an increased sentence based on felonies that qualified only under the residual clause, that sentence violated a criminal defendant's constitutional right to due process.[13]

---

[9] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[10] The Government argues that Carpenter's motion is not timely because *Johnson* does not apply to his sentence. Doc. 32 at 2-3. Because the Court finds Carpenter's argument to fail on the merits, it does not specifically address the motion's timeliness.
[11] 18 U.S.C. § 924(e)(2)(B) (emphasis added).
[12] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[13] *Id.*

3

Case No. 1:12-CR-00321
Gwin, J.

The Supreme Court's *Johnson II* conclusion is retroactive in ACCA cases. A criminal defendant can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[14] Courts are being asked whether previous residual clause predicate convictions are still predicate offenses under either the use-of-force clause or the enumerated offenses clause.

The ACCA's definition of "violent felony" and the Guidelines' definition of "crime of violence" have very similar language. Under the Guidelines, a "crime of violence . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."[15]

Defendant Carpenter—and many like him across the country—argue that because language in the Guidelines' definition of "crime of violence" is similar to the ACCA residual clause held unconstitutional in *Johnson II*, *Johnson II* should also apply retroactively to Guidelines cases.

The Supreme Court has not yet decided whether *Johnson* applies retroactively to Guidelines cases.[16] However, even if it does, this Court finds that Defendant Carpenter's aggravated assault conviction still qualifies as a "crime of violence" under the Guidelines' use-of-force clause.

*Scope of the Use-of-Force Clause*

For a conviction to fall under the use-of-force prong, the underlying statute must necessarily entail "the use, attempted use, or threatened use of physical force against the person

---

[14] *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).
[15] United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[16] This issue is currently pending before the Supreme Court in *Beckles v. United States*, Docket No. 1508544.

4

Case No. 1:12-CR-00321
Gwin, J.

of another." So long as the statute only punishes conduct involving the use or attempted use of physical force, the statute does not need to expressly mirror the use-of-force clause's language.

Consider a non-divisible statute that punishes a wide array of conduct, some of which involves the use or threatened use of physical force, and some of which would not. Unless divisible, this statute could not be a predicate felony under the ACCA or Guidelines' use-of-force clause. The scope of the prohibited conduct is too broad. "The prior conviction qualifies as an ACCA [or Guidelines] predicate only if the statute's elements are the same as, or narrower than" a statute which had the exact language of the use-of-force clause.[17]

What, then, is "physical force"? The Supreme Court provided additional guidance in its 2010 *Johnson v. United States* decision (*Johnson I*).[18] There, the Court analyzed the fit between the ACCA's use-of-force clause and the Florida battery statute, which criminalized "actually and intentionally touch[ing] or strik[ing] another person against [his] will."[19] The Florida battery statute criminalized even the most "nominal contact" such as a "tap on the shoulder without consent."[20]

In *Johnson I*, the Government tried to argue that this nominal contact was sufficient force because the use-of-force clause was analogous to common law battery, which criminalized the "merest touch."[21] The Court rejected this broad approach, holding that "physical force" as used in the ACCA means "violent force—that is, force capable of causing physical pain or injury to another person."[22] Moreover, the term "'physical' . . . plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or

---

[17] *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013).
[18] 559 U.S. 133 (2010) (the case is unrelated to the 2015 *Johnson* opinion).
[19] *Id.* at 133 (quoting Fla. Stat. § 784.03(1)(a)).
[20] *Id.* at 138.
[21] *Id.* at 141.
[22] *Id.* at 140.

5

Case No. 1:12-CR-00321
Gwin, J.

emotional force."[23] The Court concluded that Florida's battery statute could not be a predicate offense under the use-of-force clause because punishing "nominal contact" was broader than the use-of-force clause.

*Carpenter's Aggravated Assault Conviction*

Assuming that *Johnson II* applies to Guidelines cases, Carpenter's argument still fails. His prior aggravated assault conviction is a "crime of violence" under the Guidelines' use-of-force clause.

Defendant Carpenter's PSR identifies his 2007 aggravated assault conviction as one of two prior convictions giving rise to a base offense level of 24 under § 2K2.1(a)(2).[24] At the time of Carpenter's conviction, Ohio Revised Code § 2903.12 defined aggravated assault as:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.[25]

In *United States v. Anderson*,[26] the Sixth Circuit addressed this same statutory language. The Sixth Circuit unequivocally held that Ohio's aggravated assault statute fell under the use-of-force clause because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."[27] The Sixth Circuit wrote,

> the Ohio aggravated assault statute, which requires proof of "serious physical harm" or "physical harm . . . by means of a

---

[23] *Id*. at 138.
[24] Doc. 22 at 5. Defendant Carpenter does not challenge his drug trafficking charge, as *Johnson* does not concern prior convictions of that nature.
[25] Ohio Rev. Code § 2903.12. The underlying documents do not specify under which section Carpenter was convicted. Therefore, the Court looks to the statute as a whole rather than one individual prong.
[26] 695 F.3d 390 (6th Cir. 2012).
[27] *Id*. at 400.

6

Case No. 1:12-CR-00321
Gwin, J.

> deadly weapon or dangerous ordnance," . . . . necessarily requires proof that the defendant used "force capable of causing physical pain or injury." We hold that one can "knowingly . . . [c]ause serious physical harm to another," . . . only by knowingly using force capable of causing physical pain or injury, *i.e.,* violent physical force, in the context of determining what crime constitutes a "violent felony" under § 924(e)(2)(B)(i).[28]

In other words, Ohio's aggravated assault statute is the same as, or narrower than, a statute that included the ACCA's use-of-force clause. The ACCA and the Guidelines use identical language in their use-of-force clauses.[29] Because Defendant Carpenter seeks to take advantage of *Johnson II*'s ruling on the ACCA residual clause, the Sixth Circuit's analysis of the ACCA use-of-force clause also applies.

Because *Anderson* is a published opinion squarely on the issue at hand, it controls. Carpenter's conviction for aggravated assault remains a "crime of violence" under the Guidelines. Therefore, even if the Supreme Court decides that *Johnson II* applies retroactively to defendants sentenced under the Guidelines, Defendant Carpenter's argument would lose on the merits.

### IV. Conclusion

For the reasons above, the Court **DENIES** Carpenter's petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[30]

IT IS SO ORDERED.

Dated: October 31, 2016                *s/     James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[28] *Id*. at 400.
[29] *Compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a).
[30] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

7